DAVID A GRAHAM
Alaska Bar No. 9702006
Graham Law Firm
408 Lake Street
Sitka, AK 99835
Telephone (907) 747-4140
Facsimile (907) 747-7141

Attorneys for Plaintiff
GENEVIEVE D. LOPEZ

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GENEVIEVE D. LOPEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>LOWER KUSKOKWIM SCHOOL DISTRICT, and GARY FREDERICK,<br><br>    Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES** |

## JURISDICTION

1.     This Court has jurisdiction of this action under the following:

    a.     28 U.S.C. § 1332 (Diversity of citizenship)

    b.     Amount in controversy is greater than $75,000.00

1

**PARTIES**

2. Plaintiff Genevieve D. Lopez is a resident of the State of New Mexico.

3. Defendant Lower Kuskokwim School District is resident of and conducting business in and around Bethel, in the State of Alaska.

4. Defendant Gary Frederick is a resident of Bethel, in the State of Alaska.

**FACTS**

5. Plaintiff incorporates by reference all prior allegations and further states and alleges as follows:

6. At all times relevant hereto, Plaintiff rented a residence from the Defendants in Quinhagak, Alaska.

7. On Information and belief, the residence Plaintiff rented from Defendants was rented to her by Defendant Lower Kuskokwim School District, and was owned by Defendant Gary Frederick.

8. Upon information and belief, Defendant Lower Kuskokwim School District was the agent of Defendant Frederick, leased the property to the Plaintiff, and provided security and maintenance for the Plaintiff's residence.

9. Prior to May 13, 2004, Plaintiff expressed concerns to Defendants about the safety and security of her residence.

10. Prior to May 13, 2004, Plaintiff requested her landlord install and maintain adequate locks on the doors and windows of her residence.

11. Prior to May 13, 2004, Defendants knew or should have known that the security at

Plaintiff's residence was inadequate under the circumstances.

12. On or about May 13, 2004, while asleep in her home, Plaintiff was raped by an unknown person who entered her residence through a window which did not have adequate means of being secured.

13. This rape occurred as a direct, proximate and foreseeable result of Defendants' failure to provide adequate security at her residence.

14. As a direct and proximate result of this rape, Plaintiff Genevieve D. Lopez has suffered past and future economic and non-economic damages, including but not limited to medical, psychological and counseling expenses; past and future physical and emotional injury, including pain and suffering; past lost wages and impairment to her future earning capacity; and past and future loss to the quality and enjoyment of her life in such amounts as will be proven at trial, but not less than $75,000.00.

## FIRST CAUSES OF ACTION - NEGLIGENCE

15. Plaintiff hereby incorporates by reference all prior allegations as though fully set forth herein.

16. By renting a residence to the Plaintiff, Defendants had a duty to provide housing that was reasonably safe and secure under the circumstances.

17. Defendants breached their duty to provide housing that was reasonably safe and secure under the circumstances.

18. As a direct, proximate and foreseeable result of this breach of duty, Plaintiff Genevieve Lopez suffered damages.

3

## SECOND CAUSE OF ACTION - FAILURE TO WARN

19. Plaintiff hereby incorporates by reference all prior allegations as though fully set forth herein.

20. By renting a residence to the Plaintiff, Defendants had a duty to warn Plaintiff of the dangers posed by the lack of adequate security at the residence.

21. Defendants breached their duty to warn Plaintiff of the dangers posed by the lack of adequate security at the residence.

22. As a direct, proximate and foreseeable result of this breach of duty, Plaintiff Genevieve Lopez suffered damages.

23. On information and belief, this breach of duty by Defendants was willful and malicious.

## THIRD CAUSE OF ACTION – NELIGENCE PER SE

24. Plaintiff hereby incorporates by reference all prior allegations as though fully set forth herein.

25. Defendants violated AS § 34.03.100(a)(6) "The landlord shall… if requested by the tenant, provide and maintain locks and furnish keys reasonably adequate to ensure safety to the tenant's person and property."

26. This statute was enacted to protect the safety of tenants in their rental residence.

27. Plaintiff is a member of the class of persons whom this statute was meant to protect.

28. Plaintiff suffered damages as a direct, proximate and foreseeable result of the violation of this statute by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Genevieve D. Lopez prays that judgment enter against Defendants, jointly and severally, in an amount sufficient to compensate her for her damages alleged herein; for her costs, prejudgment interest, and attorney fees; and for such other relief as the Court deems just and proper.

Respectfully submitted,

GRAHAM LAW FIRM

_____
David Graham
Alaska Atty No. 9702006
Attorney for Plaintiff
408 Lake Street
Sitka, AK 99835
(907) 747-7140