IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Genevieve D. Lopez,<br><br>    Plaintiff,<br>v.<br><br>LOWER KUSKOKWIM SCHOOL<br>DISTRICT and<br>GARY FREDERICK,<br><br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)  Case No. 3:06-CV-109 TMB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT TO DISMISS ALL PLAINTIFF'S CLAIMS FOR LACK OF CAUSATION AND MEMORANDUM IN SUPPORT THEREOF**

**I.   INTRODUCTION AND RELIEF REQUESTED.**

Defendants, Lower Kuskokwim School District and Gary Frederick ("Defendants"), by and through their undersigned attorneys of record, Delisio, Moran, Geraghty & Zobel, PC, hereby move the Court for summary judgment, pursuant to Federal Rules of Civil Procedure Rule 56, on the claims presented by Plaintiff, Genevieve D. Lopez ("Ms. Lopez").

Ms. Lopez has filed a complaint against Defendants alleging damages arising out of an assault which occurred in her residence. In the complaint she alleges that Defendants had breached a duty to provide housing that was reasonably safe and

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104981.doc -- Defendants' Motion for Summary Judgment
  Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 1 of 10

secure, breached a duty to warn Plaintiff of dangers posed by the lack of adequate security at her residence and alleged a violation of AS 34.03.100 (a)(6) requiring the landlord to maintain locks and furnish keys reasonably adequate to ensure safety to the tenant's person and property.

However, as reflected in multiple police reports, there were deadbolt locks installed on both the inner front door and the back door of the housing unit. Ms. Lopez stated at the time of the rape that she forgot to lock the deadbolt on the back door of her residence before she went to bed, and that this was how the intruder gained access to the house. This is an admission by a party opponent and clearly establishes that Ms. Lopez's claims against Defendants are without merit and should be dismissed as there was no breach of duty by the Defendants and, even if there were some breach of duty, there was no causal connection between the alleged breach and the injury caused to Ms. Lopez. Accordingly, Defendants LKSD and Gary Frederick request this Court to grant their motion for summary judgment.

**II. FACTS.**

Plaintiff, Ms. Lopez, was a teacher for the Defendant Lower Kuskokwim School District, and rented a residence from the school district in Quinhagak, Alaska. The house had two front doors: an inner door and an outer door. A deadbolt lock was

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00104981.doc -- Defendants' Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 2 of 10

provided for both the outer and the inner door. The house also had a back door. A deadbolt was provided for this door, as well.

Sometime during the evening of May 13, 2004, an intruder entered the housing unit and allegedly raped Ms. Lopez. When the police investigated, Ms. Lopez told them that she had not secured the deadbolt on the back door and that this was how the intruder must have entered. Nonetheless, Ms. Lopez has filed a lawsuit alleging that the assault occurred due to negligence on the part of Defendants.

**III. POINTS AND AUTHORITIES.**

    **A.** **Summary Judgment is Proper Because the Undisputed Facts Establish that, as a Matter of Law, Any Alleged Breach of Duty by Defendants Was Not Causally Connected to Plaintiff's Injury.**

Pursuant to Federal R. Civ. P. 56(d), "a defending party against whom a claim, counterclaim, cross-claim is asserted... may, at any time, move. . . for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. Pro. 56. Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir. 1997).

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
———
(907) 279-9574

00104981.doc -- Defendants' Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 3 of 10

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Once that burden has been met by showing that there is an absence of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and identify facts that show a genuine issue for trial. <u>Fairbank v. Wunderman Cato Johnson</u>, 212 F.3d 528, 531 (9th Cir. 2000). The non-moving party must make a showing sufficient to establish a genuine issue of material fact with respect to every element for which it bears the burden of proof, and establish that there are genuine factual issues that can only be resolved by a finder of fact. <u>British Motor Car Distrib., Ltd. v. San Francisco Auto Indus. Welfare Fund</u>, 882 F.2d 371, 374 (9th Cir. 1989). An issue of material fact is considered genuine if a "reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

In the case at hand, Ms. Lopez has admitted that there were deadbolts on the front and back doors and that on the evening of the assault she had not secured the deadbolt on the back door. Thus, the Plaintiff has refuted her claim that the Defendant breached a duty of care that resulted in injury to her. No genuine issues of material fact exist and Defendants LKSD and Gary Fredrick are entitled to judgment as a matter of law.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
‾‾‾‾
(907) 279-9574

### B. Ms. Lopez's Statements to the Police Are Admissible as Admissions by a Party.

The Federal Rules of Evidence, Rule 801 states that "a statement is not hearsay if the statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity." Fed. R. Evid. 801(d)(2). The Advisory Committee Notes to this rule explain that "[a]dmissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule . . . No guarantee of trustworthiness is required in the case of the admission." As statements by Ms. Lopez would be admissible at trial, the Court should consider the statements in making its summary judgment determination. *The Movie 1 & 2 v United Artists Communications, Inc.,* 909 F.2d 1245, 1249 (9th Cir. 1990).

The Ninth Circuit has held that "entries in a police report based on an officer's observations and knowledge may be admitted." *Colvin v. United States,* 479 F.2d 998 (9th Cir. 1973). Thus the police officers' observations of the scene in this case as recorded in the police records would be admissible.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00104981.doc -- Defendants' Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 5 of 10

*See* Fed. R. Evid. 803(6).

But witness statements in a policy report are excluded with the exception of admissions by a party. Ms. Lopez's statements are admissible because the statements are not hearsay and are admissible regardless of whether the entire police report would be. In *Koon-to Pau v. Yosemite Park and Curry Company*, 1994 U.S. App. LEXIS 30812, *10 (9th Cir 1994) it was held that reading statements by Plaintiff from an investigative report was proper because statements were not hearsay since Plaintiff made the statement and it was offered by the Defendant.

Thus in determining this motion for summary judgment the Court can consider the statements of Ms. Lopez as recorded in the police reports and the observations of the officers during their investigation.

    C.  **Ms. Lopez Admits that There Were Deadbolts Installed on the Doors of Her Residence, But that on the Night of the Assault She Did Not Lock the One Where the Entry Occurred, Thus Refuting any Breach of Duty by the Defendants or a Causal Connection Between any Alleged Breach and the Harm Which Occurred to Ms. Lopez.**

The elements of negligence consist of four parts: duty, breach of duty, causation and damages. Ms. Lopez alleges in her complaint that Defendants breached a duty to her as her landlord by not providing adequate locks for her doors and that this resulted in the assault which occurred. However, Ms. Lopez

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
─────
(907) 279-9574

00104981.doc -- Defendants' Motion for Summary Judgment
  Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 6 of 10

admitted and the police investigation confirmed that deadlock bolts were provided for both the front and back doors of her residence. Ms. Lopez further admitted to the police during their investigation that she forgot to secure the deadbolt lock on the back door of her residence before going to bed and that this was the point of entrance into the house by the intruder.

Plaintiff Lopez is quoted in the police reports issued by Officer Tavis Allam and Chief James Sartelle as stating that she forgot to secure the deadbolt on her back door. The report by Chief Sartelle states, "During my time checking the residence the inner door before the front had been dead bolted and the front door which was on the east side of the house was locked and Jenny Lopez related that she remebers [sic] them being locked but she thought that she had forgotten to lock the dead bolt to the rear door and stated that was probably how entrance was gained." See Chief Sartelle's Report, pg. 1, Exhibit 1.

Chief Sartelle examined all of the doors to the residence. He found signs of attempted forced entry through both the outer front door and the back door. The inner front door had a deadbolt, which Ms. Lopez had secured the night before. This would have prevented the intruder from gaining access into the house through the front door. Chief Sartelle states in his report, "I went outside to look around and to check for possible

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104981.doc -- Defendants' Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 7 of 10

forcible entry.  Both the front and rear doors have had an appearance of forcible entry but on the front door the perpetrator would have encountered the dead bolt door inside and would not have been able to enter the house.  [Ms. Lopez] further stated that she didn't dead bolt the rear door last night when she went to bed.  I further checked out for footprints and only foundfresh [sic] dog tracks.  I also checked for any signs of abnormal appearance outside and again met with negative results."  Chief Sartelle's Report, pg. 2, Exhibit 1.

   A recorded interview was taken of Ms. Lopez by Officer Tavis Allam within nine hours of the assault.  Exhibit 2.  In the report at page 2 it recites, "She said that this person has been watching her because her son had just left.  She had a feeling that he had been in her home before.  She called Jim and reported the incident.  Last night was the first time that she did not lock her deadbolt."  There is no reason to doubt the truthfulness of the statement about not securing the deadbolt. In the paragraph prior to this, the report states that Ms. Lopez is "interested in catching this guy."  *Id*.  This would imply that she would provide the police with the most accurate information that she could as to what happened.

   These admissions show that the negligence at issue in this case is not that of Defendants, but in fact, belongs to Ms.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00104981.doc -- Defendants' Motion for Summary Judgment
   Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 8 of 10

Lopez for failing to secure the deadbolt that was provided. No matter the type of lock provided, if it is not used, it cannot be the cause of the injuries. Regardless of whether Defendants allegedly breached any of their duties, because there is no causal connection between their alleged breach and Ms. Lopez's injury summary judgment is appropriate.

**IV.  Conclusion.**

Based upon Ms. Lopez's own statements to the police and the police observations, there can be no question of fact that would operate to defeat summary judgment in this case. Ms. Lopez's claims fail because, as she admits, the Defendants did provide deadbolts for the front and back doors of the residence thus fulfilling their duty to supply secure locks, and because there is no causal connection between any alleged breach by the Defendants and the harm which occurred. Summary judgment should be granted for Defendants.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____
(907) 279-9574

00104981.doc -- Defendants' Motion for Summary Judgment
  Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 9 of 10

DATED this 24th day of August, 2006, at Anchorage, Alaska.

                              DeLISIO MORAN GERAGHTY & ZOBEL
                              Attorneys for Defendants,
                              Lower Kuskokwim School District
                              and Gary Frederick

                                  /s/ Patrick L. Zobel
                      By:  _____
                              Patricia L. Zobel
                              Bar No. 7906067
                              e-mail:  pzobel@dmgz.com
                              943 W. Sixth Avenue
                              Anchorage, AK  99501
                              Telephone:  (907)279-9574
                              Facsimile:  (907)276-4231

This is to certify that a true
copy of the foregoing was served
via electronic service on U.S.
mail this 24th day of August, 2006,
to the following:

David A. Graham, Esq.
Graham Law Firm
408 Lake Street
Sitka, AK  99835

    /s/ Jean K. Adams
By:_____
    Jean K. Adams

DELISIO MORAN GERAGHTY & ZOBEL, P.C.
943 WEST 6TH AVENUE
ANCHORAGE, ALASKA 99501-2033
____
(907) 279-9574

00104981.doc -- Defendants' Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 10 of 10