IN THE UNITED STATES DISTIRCT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GENEVIEVE D. LOPEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LOWER KUSKOKWIM )<br>SCHOOL DISTRICT, and )<br>GARY FREDERICK, )<br>)<br>Defendants. ) | Case No. 3:06-CV-109 TMS |

**PLAINTIFF'S OPPOSTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT TO DISMISS ALL PLAINTIFF'S CLAIMS FOR LACK OF CAUSATION AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff, Genevieve Lopez, through the Graham Law Firm, submits her Opposition to Defendant's Motion for Summary Judgment as follows.

I. **INTRODUCTION.**

As Defendant's acknowledge in their motion, Plaintiff's complaint alleges three separate grounds for relief: 1) breach of a duty to provide housing that was reasonably safe and secure; 2) breach of a duty to warn Plaintiff of dangers posed by the lack of adequate security; and 3) negligence *per se* due to violation AS 34.03.100 (A) (6), requiring landlords to maintain reasonably adequate locks to insure their tenants' safety.

The factual support for Defendants' motion comes solely from assertions contained in excerpts from excised police reports that are not admissible as evidence. In addition, the factual assertions in Defendants' motion are inaccurate as to the number and location of doorways, the locks that were place on those doors, and whether they were utilized on the night in question. Also, the police report excerpts do not contain the complete statements made by the Plaintiff, nor are the statements attributed to her accurately set forth.

Plaintiff submits her sworn Affidavit, as well as the sworn Affidavit of Daniel A. Lopez, as evidence supporting her factual assertions. These Affidavits are filed herewith and incorporated herein as if fully set forth. It is clear from this evidence that there are genuine issues of material fact that preclude summary judgment. Plaintiff requests that Defendants' Motion for Summary Judgment be denied.

## II.   FACTS.

Plaintiff disputes the factual assertions Defendants' motion. Based on the affidavits of Plaintiff and of her son, filed herewith and incorporated by reference, the following relevant facts are presented:

Defendant Lower Kuskokwim School District rented a residence to Plaintiff in Quinhagak, Alaska. The residence had an arctic front entrance with both inner

and outer doors. There were various locks installed on both of those doors, and on the night in question Plaintiff securely locked all of those locks.

The exterior back door to the residence had two methods of being locked: a locking doorknob and a deadbolt lock. On the night she was assaulted, Plaintiff had locked the exterior back door using both the deadbolt lock and the lock on the doorknob. Plaintiff specifically denies that she ever told any police officer or anyone else that she had not locked the deadbolt lock, or any other lock, on the exterior back door.

There was no arctic entry at the back door to the residence. The laundry room for the residence was the first room one entered just inside the exterior back door. There was a door between the laundry room and the kitchen. This door between the laundry room and the kitchen had a locking doorknob, and on the interior or kitchen side of the door it also had a hasp on which a padlock could be placed. Plaintiff had not placed a padlock on the hasp on this interior door between her kitchen and laundry room on the night she was assaulted, and she advised the police officers of this fact. When Plaintiff told this to the officer who was investigating the crime, she pointed to the hasp on the door between her kitchen and laundry room to make it clear that it was only the padlock on this interior door that had not been secured. To add to the confusion, Plaintiff may have referred to the padlock hasp as a "deadbolt" when she was speaking with the

officers. Plaintiff had also been concerned about using a padlock on this door due to her fear that she might not be able to unlock it in the event of a fire or other emergency that would require her to quickly leave the residence.

An intruder entered the Plaintiff's home and sexually assaulted Plaintiff on May 13, 2004. At that time, Plaintiff did not know how the intruder had entered the residence. However, after she was assaulted, Plaintiff observed the intruder leaving her home through the kitchen doorway. Plaintiff recognized that had she locked a padlock on the hasp on that doorway, the intruder would not have been able to exit the residence in the manner he did.

Plaintiff related to the police her observation of how the intruder left the residence. Plaintiff speculated that the intruder might have entered the home through the same doorway he left, and at that time she had not considered any other point of entry. However, Plaintiff told the officer investigating the incident that she had secured all of the locks on each of the exterior doors to the residence before she went to bed, and that she had also secured the locking doorknob on the interior door between her kitchen and laundry room, but had not placed a padlock on the hasp.

The police report notes that there were tool marks around the locks on the exterior doors, but makes no note that any of those locks were found to be broken. As Plaintiff alleged in her complaint, and due to the fact that there were no broken

locks, Plaintiff submits that it is more likely than not that entry was gained through this kitchen window that had no security lock. Once inside, the intruder would have been able to exit through the rear doorway without damaging the locks.

### III. POINTS AND AUTHORITIES.

#### A. Standard of Review

Plaintiff does not dispute the standard upon which this court must view a motion for summary judgment. As Defendants' acknowledge, the party moving for summary judgment bears the initial burden of establishing the absence of the genuine issue of material fact. Here, the Defendants' have failed to meet their burden. Even if that initial burden was met in this case, the evidence submitted by Plaintiff certainly creates genuine issues of material fact that preclude granting Defendant's motion for summary judgment.

#### B. Plaintiff's alleged statements to the police.

There is no dispute that competent and otherwise admissible evidence of statements made by and offered against Plaintiff are not hearsay. If Defendants presented competent evidence of statements made by the Plaintiff, those statements could certainly be considered.

However, Defendants fail in their attempt to explain how the unsworn and unauthenticated excerpts from police reports it relies on are admissible. This Court cannot consider a written report of what were apparently recorded conversations,

where the report is not in any way verified or supported by an affidavit or other competent evidence that it is accurate, complete or authentic, USCS Fed Rules Evid R 803. Thus, the submissions made by Defendants cannot be considered competent evidence to support summary judgment.

### III. ARGUMENT.

Even if the Court considers the police reports as competent evidence, the evidence submitted by Plaintiff establishes genuine issues of material fact. There are at least factual issues as to whether Plaintiff secured all the deadbolt locks on the outer entry doors to her home on the night of question. The fact that Plaintiff may have referred to the padlock hasp as a "deadbolt" when she spoke with the officers merely adds confusion to what Plaintiff may have said to the officers that night. Plaintiff's evidence establishes that other than placing a padlock on the hasp on the interior back door, Plaintiff had locked all of available locks on all of her doors and windows, including locking the doorknob on the inner back door between her kitchen and the laundry room.

Defendants fail to show that Plaintiff had any duty to place a padlock on the interior doorway between her kitchen and laundry room, especially since placing a locked padlock on an exit doorway in a residence would certainly be unsafe in the event of a fire. Thus, the fact that Plaintiff had not placed a padlock on the interior

6

door between her laundry room and kitchen does not establish that Plaintiff was negligent.

There are also genuine issues of fact as to the point of entry. Even if Plaintiff, having just suffered the trauma of a sexual assault, stated to an officer that she thought the intruder entered through the back door to the residence, such a statement would be merely speculation without personal knowledge or other basis in fact. Such a statement does not establish that entry was in fact made through the back door.

Plaintiff's evidence establishes that the window over the kitchen sink would have allowed an intruder easy access into the locked portion of the home. The evidence is undisputed that the locks on the doors were not broken. Thus, it would appear more likely than not that the method of entry, rather than through the locked and dead bolted rear exterior doorway and then through the locked door between the kitchen and laundry room, occurred through the unlocked kitchen window. If the Court does consider the police reports submitted by Defendants, they make no mention of any investigation or determination whether entry could have been through the unsecured window in the kitchen.

In addition, even if the intruder entered Plaintiff's residence through the back exterior door without breaking the locks that were provided and utilized, this fact alone would then establish a genuine issue of fact as to whether those locks

were adequate. And Defendant presents no evidence whatsoever to defeat the claim that it breached its duty to warn Plaintiff of the dangers posed by the lack of adequate security.

There are genuine issues of material fact as to whether the entry into her residence occurred solely as the result of any failure by Plaintiff to utilize any of the locks Defendant had installed in the residence. Even if Plaintiff had some duty to padlock her interior door, her failure to do so cannot be seen as the sole cause of her assault.

## IV. CONCLUSION.

Defendants' have presented inaccurate, misleading and incomplete assertions that are unsupported by competent evidence. Defendants also attempt to perpetrate the often-abused defense in this type of case that it was the victim of a sexual assault who is solely responsible for their trauma. Nonetheless, Plaintiff has presented evidence that establishes genuine issues of material fact that preclude summary judgment in this case. Defendants' motion should be denied.

Respectfully submitted this 18th day of September 2006.

                                                    GRAHAM LAW FIRM

                                                    /s/ David Graham

                                                    David Graham
                                                    408 Lake Street
                                                    Sitka, AK 99835
                                                    907-747-7140

## CERTIFICATE OF SERVICE

I hereby certify that I did mail a correct copy of the foregoing Plaintiff's Opposition to Defendants' motion for Summary Judgment to Dismiss all Plaintiff's claims for lack of Causation and Memorandum Support Therein, on September 15, 2006, via Electronic filing to:

DeLisio Moran Geraghty & Zobel
Patricia L. Zobel
943 W. Sixth Avenue
Anchorage, AK 99501

/s/ David Graham
_____
David Graham