IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Genevieve D. Lopez, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>LOWER KUSKOKWIM SCHOOL )<br>DISTRICT and )<br>GARY FREDERICK, )<br>)<br>    Defendants. )<br>)<br>_____) | Case No. 3:06-CV-109 TMB |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION AND RELIEF REQUESTED.**

Defendants, Lower Kuskokwim School District ("LKSD") and Gary Fredrick ("Fredrick"), by and through counsel, Delisio, Moran, Geraghty & Zobel PC, submit their reply to Plaintiff's opposition to Defendant's motion for summary judgment.

Plaintiff has filed suit against the LKSD alleging that its negligence and breach of the Landlord Tenant Act resulted in an intruder being able to enter her house and assault her. While the Defendants have sympathy for the Plaintiff and the harm that befell her, the Defendants have filed for summary judgment as she has chosen to sue an entity which is not at fault or responsible for the assault.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 1 of 15

Plaintiff has responded to Defendant's motion for summary judgment with an opposition which relies on self-serving affidavits and conclusory allegations without any grounding in substantive evidence demonstrating that the Defendant LKSD breached any duty owed to Ms. Lopez. When interviewed by the police, Ms. Lopez stated that the assailant must have gotten into her residence through a door she did not deadbolt. In her opposition, Ms. Lopez admits that both doors leading to the front of the residence, as well as the back door, had deadbolts which she now says she locked on the night in question. She now alleges that since none of the deadbolts were broken, the intruder must have come in through a kitchen window which she alleges did not have a lock. However, attached hereto is an affidavit of Mr. David Bauer, the Principal of the Quinhagak School, who visited the residence in question and submits in his sworn affidavit that there is in fact a working lock on the kitchen window which has been in place since before Ms. Lopez's occupation of the residence. (See Exhibit A). So the facts come down to either she did not lock a door or she did not lock a window, but the doors and the window in question all had locks that functioned.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 2 of 15

Plaintiff has not supported any of her claims with any substantive evidence, and by not disputing that there were in fact locks and deadbolts on all of the entry doors and not reporting any problems with any of the windows or door locks to her landlord, Ms. Lopez has failed to show any negligence or breach of duty on the part of Defendants under common law or AS 34.03.100(A)(6). There was no duty to warn Plaintiff of any alleged dangers because there was adequate security. There was also no violation of the statute warranting a claim of negligence per se. For the reasons stated below, Defendant requests that Defendant's motion for summary judgment be granted.

**II.  FACTS.**

Plaintiff, Ms. Lopez, was a teacher for the Defendant LKSD and rented a residence from the School District in Quinhagak, Alaska. According to the affidavit of Ms. Lopez filed with her opposition to the motion for summary judgment (Document No. 15 to this case), the residence had a front entrance with inner and outer doors, both of which had locks which Plaintiff admits having locked on the night in question. The house had an exterior back door to the residence which also had a locking doorknob and a deadbolt lock. There was also a door between the laundry room and the kitchen which had a lock in the door and a

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 3 of 15

hasp upon which a padlock could be placed, but Plaintiff states in her affidavit that she had not placed a padlock on this interior door on the night of her alleged assault. Her affidavit constitutes admissions as to the security provided by the School District and the adequacy of the locks.

Plaintiff originally reported to the police, as recorded in her statements to the police, that she must not have locked the back door. She now disputes this and states that she did lock the backdoor deadbolt and that the intruder must have come in through the kitchen window. However, according to the affidavit of Principal Bauer, the kitchen window in question does have a security lock, which has been in place since prior to Ms. Lopez's occupation of the premises. (See Exhibit A). So if one follows the argument of Ms. Lopez, there were adequate locks which she locked on the doors, but the intruder got in through a window. However, since that window also has a lock, she must have failed to lock the window.

**III. ARGUMENT.**

    A.  <u>Admissions of a Party Opponent Do Not Require Sworn Affidavits to be Considered Admissible Evidence</u>.

It is argued by the Plaintiff that her admissions in the police reports are not admissible because there is no supporting affidavit from the police authenticating the statements. The

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 4 of 15

police report in this case was produced by the Plaintiff and was produced without any authenticating documentation. The defendants relied upon the production from the Plaintiff in assuming that it was the authentic report. The Plaintiff now questions the very report she produced. This argument is disingenuous, and should be dismissed.

Further, the Federal Rules of Evidence, Rule 801 states that "a statement is not hearsay if the statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity." Fed. R. Evid. 801(d)(2). Plaintiff argues that because there are no sworn affidavits attesting to these admissions, they cannot be considered by the Court in determining summary judgment, which is not the case.

Ms. Lopez's statements are admissible because the statements are not hearsay and are admissible regardless of whether the entire police report would be. Admissions of a party opponent should be considered in ruling on a summary judgment motion and "since admissions need not be sworn, the fact that these statements were unsworn is immaterial." *Kanayurak v. North Slope Borough,* 677 P.2d 893 (Alaska 1984).

Additionally, an affidavit must be based on personal knowledge according to Fed. R. Civ. P. 56(e), while "an

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 5 of 15

admission of a party opponent is admissible despite a lack of personal knowledge on the part of the declarant." *United States of America v. Wilson,* 1993 U.S. App. LEXIS 23352 (9th Cir. 1993). Thus, an affidavit is not necessary to allow the admission of a party opponent to be considered because there is no requirement that the declarant have personal knowledge.

In determining this motion for summary judgment, the Court should consider the statements of Ms. Lopez as recorded in the police reports because admissions do not need to be sworn to be considered. Plaintiff's argument that the admissions by Ms. Lopez contained within the police report need to be authenticated by the police officer is without merit.

B. <u>Defendant's Claim for Summary Judgment Cannot Be Defeated by Self-Serving Affidavits and Conclusory Allegations</u>.

As has been clearly stated by both parties, the party moving for summary judgment must show by the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed R. Civ. P. 56(c). However, once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or by the depositions, answers to interrogatories, and admissions

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 6 of 15

on file, come forth with specific facts to show that a genuine issue of material fact exists. Fed R. Civ. P. 56 (e). The key to this shifting burden is that when the non-moving party relies on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993).

The determination of whether a factual dispute is genuine "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *United States of America v. 1 Parcel of Real Property,* 904 F.2d 487 (9th Cir, 1990), *quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor, viewing the record as a whole in light of the evidentiary burden the law places on that party. *Id.* at 252-56. In *Federal Trade Commission v. Publishing Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), the court held that there was no evidence to support the factual assertions, and that a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Federal Trade Commission v. Publishing Clearing House, Inc.,* 104

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
————
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 7 of 15

F.3d 1168 (9th Cir. 1997) *quoting Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993). The Ninth Circuit has also stated that "conclusory allegations unsupported by factual data will not create a triable issue of fact." *Marks v. United States,* 578 F.2d 261, 263 (9th Cir. 1978).

There is no genuine dispute about a material fact unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Thus, if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249-250. The question here is whether a jury could reasonably find that Plaintiff Lopez proved her case by the quality and quantity of evidence required by the governing law. A self-serving affidavit and conclusory statements should not suffice as probative evidence and, thus, summary judgment should properly be granted to Defendants.

Plaintiff Lopez has opposed Defendants' motion for summary judgment based solely on affidavits by Ms. Lopez and her son, which seek to contradict prior statements made by Ms. Lopez to the police and attempt to argue that while the doors may have been secured, a window in the kitchen was not, and the intruder may have entered through the kitchen window. She seeks to make the point of entry of the assailant a question of fact, and also

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 8 of 15

tries to make it a question of fact as to whether she locked a door or not. But this is a case in which it is alleged in the complaint that the School District breached a duty to Ms. Lopez by failing to provide her with a residence with adequate locks or, in the alternative, to warn her that there were not adequate locks and that this would constitute a security risk. See Plaintiff's complaint. Plaintiff now has conceded that all the doors leading to the outside were equipped with deadbolts which worked properly. The affidavit of Mr. Bauer provides evidence that there was a lock on the window in question. So there are no issues of fact to be resolved in this case.

    C.   <u>Defendants Provided Adequate Locks on All Doors and Windows in the Residence in Question and Thus in No Way Acted Negligently or Breached Any Duty Owed to Plaintiff</u>.

In its opening motion, the School District sought to prove to the Court that if Ms. Lopez admitted to the police that she did not lock the door, the School District could not have been negligent. Ms. Lopez has now sought to undermine that argument, but in doing so, admits that the door locks were adequate. Instead, she says she locked the doors and now she points to the kitchen window and alleges that the assailant must have entered through that kitchen window. She has no proof of this entry, and it is pure speculation. However, it does not matter because

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 9 of 15

if he got into the house through the kitchen window, it must have been because she did not lock that window, since that window has a functioning lock. Again, the School District cannot have any negligence if it provided locks which were not used.

Plaintiff alleges breach of duty to provide housing that was reasonably safe and secure, breach of duty to warn Plaintiff of dangers posed by the lack of adequate security, and negligence per se due to violating AS 34.03.100(A)(6) requiring landlords to maintain reasonably adequate locks to insure their tenant's safety. Plaintiff fails to support these claims with any substantive evidence beyond the self-serving statements contained within her affidavit and that of her son.

First, as pointed out above, although the complaint alleges that the door locks were not adequate, she admits in her affidavit that the locks on the doors were sufficient. There is now no question of that fact and the School District did not breach any duty as to the provision of door locks. The only allegation of a breach is that the window in the kitchen lacked a lock. In her own affidavit, Ms. Lopez does not state anything about there not being a lock on the window but she speculates that this might be the way the intruder gained entry. Her son's affidavit states that he entered the house through this window.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 10 of 15

He alleges there was no lock. What his statement proves is that the window was not kept locked. As can be seen from the affidavit of Mr. Bauer, the Principal at Quinhagak, and the one responsible for housing on site, the windows in the residence all had locks. Exhibit A. He personally inspected the window that her son alleges did not lock and found there to be a functioning lock on that window and all of the others in the house. Mr. Bauer also would have been the one to order a change of the lock or the addition of a lock and he has never done so, proving that the lock was there at the time of the assault. His affidavit states that this is an old lock, original to the residence, but that it is functional. No one has ever complained that there was no lock on that window or any other in the house, and he was never asked to fix it or replace it. Attached to his affidavit and in support of his statement is a form filled out by the teachers who lived in Ms. Bauer's residence the year before Ms. Lopez. At the end of each school year, the tenants are asked to list any defects with the residence. As can be seen, there was no complaint of a missing lock. Exhibit A. Nor did Ms. Lopez ever complain about the lock on that window not functioning. Exhibit A.

Alaska case law is instructive on the duties under AS 34.03.100. The duty of a landlord is to use reasonable care to

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 11 of 15

discover and remedy conditions which present an unreasonable risk of harm under the circumstances. *Newton v. Magill*, 872 P.2d 1213, 1218 (Alaska 1994). However, a landlord ordinarily gives up the right to enter the premises under the exclusive control of the tenant without the tenant's permission, thus a landlord's ability to inspect or repair tenant areas is therefore limited. *Id*. In such cases, a landlord should not be liable in negligence unless he knew or reasonably should have known of the defect and had a reasonable opportunity to repair it. *Id*.

Defendant did not violate AS 34.03.100, nor was Defendant negligent in failing to provide reasonably adequate locks on the doors and windows. The locks were in place on the doors and windows in the house in question and thus the Defendant's duties were fulfilled. Under the statute, it clearly states that the landlord shall: "if requested by the tenant, provide and maintain locks and furnish keys reasonably adequate to ensure safety to the tenant's person and property." Ms. Lopez never reported any faulty locks, nor requested that the landlord fix or repair any locks used to secure her residence. Affidavit of Mr. Bauer.

It has been clearly shown through the evidence presented by Plaintiff, as well as the affidavit by Principal Bauer, that the

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 12 of 15

house had locks provided on all doors and all windows. (See Exhibit A). The lock that has been on the kitchen window from the beginning is in working order and adequately locks the window as it is supposed to. Additionally, if there was a problem with one of the locks provided by LKSD, it was Plaintiff Lopez's affirmative duty to report such a problem and only then would the duty shift to Defendant as landlord to take affirmative steps to correct the problem. A landlord cannot be held liable in negligence unless he knew or should have known of the problem. A problem with a lock on the kitchen window that was not mentioned by the previous residents nor mentioned by Ms. Lopez, who had exclusive control of the premises, does not created a showing of negligence where there was no way that Defendant LKSD could have known or should have known that there was a problem.

All previous owners were required to report any deficiencies with the housing when they were moving out, but there were no complaints by them or by Ms. Lopez, despite the fact that both her affidavit and her son's affidavit claim that her son had climbed through the window numerous times. Ms. Lopez knew the condition of the windows in her residence, and under AS 34.03.100(a)(6), she had a duty to inform her landlord if there was an issue and she wanted locks replaced. Only upon

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 13 of 15

such a request from a tenant would the landlord have a duty to comply in such a manner as to ensure that the locks are reasonably adequate to ensure safety to the tenant.

Additionally, the Ninth Circuit has held that, "a landlord is not liable for failure to warn a tenant about an open, obvious danger." *Rodriguez v. United States of America, Department of Housing and Urban Development,* 1993 U.S. App. LEXIS 12610 (9th Cir. 1993). In the aforementioned case, the court found that there was no duty for the landlord to warn the tenant of the dangers of an open window. While in that case, it was the prospect of falling out of the open window, one could assume that a similar case of failing to warn of the dangers of leaving the window open and possibly allowing intruders to enter, would also fall in this category. The lock on the kitchen window and the locks on all of the doors were clearly provided and Ms. Lopez's failure to lock them does not amount to negligence or breach of duty in any way on the part of the Defendants. Unfortunately, Ms. Lopez was the victim of a crime, but the School District did not contribute to the incident and is not liable for her harm.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
Defendant's Motion for Summary Judgment
Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 14 of 15

**IV. Conclusion.**

For the aforementioned reasons, Defendants request the Court to grant their motion for summary judgment.

DATED this 25th day of September, 2006, at Anchorage, Alaska.

                                        DeLISIO MORAN GERAGHTY & ZOBEL
                                      Attorneys for Defendants,
                                      Lower Kuskokwim School District
                                      and Gary Frederick

                                            /s/ Patrick L. Zobel
                              By:  _____
                                        Patricia L. Zobel
                                        Bar No. 7906067
                                      e-mail:  pzobel@dmgz.com
                                      943 W. Sixth Avenue
                                      Anchorage, AK  99501
                                      Telephone:  (907)279-9574
                                      Facsimile:  (907)276-4231

This is to certify that a true
copy of the foregoing was served
via electronic service on U.S.
mail this 25th day of September, 2006,
to the following:

David A. Graham, Esq.
Graham Law Firm
408 Lake Street
Sitka, AK  99835

    /s/ Jean K. Adams
By:_____
    Jean K. Adams

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105676.doc -- Defendants' Reply to Plaintiff's Opposition to
         Defendant's Motion for Summary Judgment
   Lopez v. Lower Kuskokwim School District, Case No. 3:06-CV-109 TMB, Page 15 of 15