# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **GENEVIEVE D. LOPEZ,**<br><br>　　　　　　　**Plaintiff,**<br><br>　vs.<br><br>**LOWER KUSKOKWIM SCHOOL DISTRICT and GARY FREDERICK,**<br><br>　　　　　　　**Defendants.** | Case No. 3:06-cv-00109  TMB<br><br><u>**ORDER DENYING SUMMARY JUDGMENT**</u> |

　　　　Plaintiff Genevieve Lopez brings this action seeking damages in connection with injuries she sustained when an intruder broke into her home and sexually assaulted her.  She alleges negligence, failure to warn and negligence per se, claiming that Defendants Lower Kuskokwim School District and Gary Frederick failed to provide adequate security at her residence. Defendants move for summary judgment.

　　　　Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.[1]  A party seeking summary judgment bears the initial burden of informing the court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[2]  When a motion for summary judgment is properly supported, "an adverse party may not

---

　　　[1]　　FED R. CIV. P. 56©; *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000).

　　　[2]　　*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)(*quoting* FED R. CIV. P. 56©).

rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."[3]

Summary judgment is not appropriate for resolving claims that depend upon credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts.[4] These are jury functions, not those of a judge ruling on summary judgment.[5]

Defendants argue that Plaintiff admitted that there was a deadbolt on the back door of her residence and that she did not secure the deadbolt on the back door on the night of the assault. They therefore claim that they are entitled to summary judgment because there was no causal connection between any alleged breach of a duty to Plaintiff and the injuries she sustained. Defendants support their motion with unauthenticated police reports. These reports state that Plaintiff informed the police that she did not lock the deadbolt on her back door on the night of the assault. One report also contains a note that Plaintiff stated "that was probably how entrance was gain[ed]."

Plaintiff opposes summary judgment, and supports her motion with her own affidavit and an affidavit from her son. In Plaintiff's affidavit, she claims that she did securely lock all of her exterior doors, but she explains that she did not put a padlock on a hasp on an interior door. Plaintiff further explains that when she was speaking with the officers, she may have referred to the hasp as a deadbolt and that could explain the statements in the police report. Plaintiff's son also notes in his affidavit that it is possible to gain entry into the Plaintiff's residence through a

---

[3] FED R. CIV. P. 56(e).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[5] *Id.*

window with no lock, suggesting that the intruder could have entered the home through this unsecured window.  In reply, Defendants submit an affidavit to establish that the window in question had a lock at the time of the assault.

Assuming without deciding that Defendants' motion for summary judgment was properly supported, Plaintiff's affidavits sufficiently demonstrate that there are issues for trial when she offers specific reasons to question the accuracy of the police reports and supplies an alternative theory about how an intruder might have entered her home.  As the Supreme Court has explained, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."[6]  Since it is evident from the briefing that these conflicting reports and affidavits raise material issues of fact on the question whether Defendants failed to provide adequate security at Plaintiff's residence, Defendants' motion for summary judgment at Docket No. 10 is DENIED.

Dated at Anchorage, Alaska, this 1st day of March, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[6] *Id.*