IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GENEVIEVE D. LOPEZ, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>LOWER KUSKOKWIM SCHOOL )<br>DISTRICT, )<br>)<br>    Defendant. )<br>_____ ) | Case No. 3:06-CV-109 TMB |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO DISMISS**
**PLAINTIFF'S CLAIMS AND MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION AND RELIEF REQUESTED**

Defendant, Lower Kuskokwim School District ("LKSD"), by and through its undersigned attorneys of record, DeLisio Moran Geraghty & Zobel, P.C., hereby moves the Court for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the claims presented by Plaintiff, Genevieve Lopez ("Ms. Lopez").

Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Federal R. Civ. P. 56(c). Summary judgment should be rendered where the pleadings on file, together with the affidavits, show that there is no

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
\_\_\_\_
(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Ms. Lopez has filed a Complaint against her former employer, LKSD alleging that LKSD owed Ms. Lopez a duty of care to provide safe housing and breached that duty by failing to provide adequate security at her residence, failing to maintain adequate locks on the doors and windows, and failing to warn her of the dangers posed by the lack of adequate security at the residence. For purposes of this motion, and this motion only, the allegations contained in Ms. Lopez' Complaint are accepted as true. Based on these facts, the defendant is entitled to judgment as a matter of law.

It is LKSD's position that Ms. Lopez' claims are barred because Ms. Lopez was an employee of LKSD at the time of the assault, and the exclusive remedy provisions of the Workers' Compensation Act, AS 23.30.055, provide her only remedy against her employer. Her claim is covered by the Workers' Compensation Act because she resided in employer provided housing at a remote site, and her claims allege that her injury arose due to a defect in the employer provided housing. Because Ms. Lopez' exclusive remedy is found under the Workers' Compensation Act, summary judgment in favor of the defendant is appropriate.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 2 of 17

## II. FACTUAL BACKGROUND

Plaintiff Genevieve Lopez was employed by LKSD as a teacher in the village of Quinhagak. *See* Complaint of Plaintiff; *see also* Affidavit of Gary Baldwin, attached hereto. Quinhagak is a small bush village located on the Kanektok River and has a population of about 555 people. *See* Affidavit of Gary Baldwin; *see also* http://www.city-data.com/city/Quinhagak-Alaska.html. Quinhagak is only 4.68 square miles in size and is only accessible by plane from Bethel, which is located 70 air miles away. *See* http://www.city-data.com/city/Quinhagak-Alaska.html. Quinhagak is approximately 840 air miles from Anchorage. *Id.*

Teachers must reside in Quinhagak in order to fulfill their duties as employees of the school district. Under the negotiated agreement between the teachers' union, Lower Kuskokwim NEA, and LKSD, teachers employed by LKSD in Quinhagak in 2003-2004, were required to live in housing owned by LKSD. *See* Affidavit of Gary Baldwin and Negotiated agreement, Exhibit 1 to Baldwin Affidavit at page 44. The LKSD leased a house to Ms. Lopez during the 2003-2004 school year. *See* Affidavit of Gary Baldwin.

On May 13, 2004, while Ms. Lopez was sleeping, an unknown person entered her apartment and assaulted Ms. Lopez. *See* plaintiff's complaint at ¶ 12. She alleges that the assault occurred as a direct, proximate, and foreseeable result of

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

LKSD's failure to provide adequate security at her residence. *Id.* at ¶ 13. Ms. Lopez filed her action for damages in the United States District Court for the District of Alaska on May 11, 2006.

### III. LEGAL STANDARD

Pursuant to Federal R. Civ. P. 56(b), a party against whom a claim is asserted may move for summary judgment in the party's favor as to all or any part thereof. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must make a showing sufficient to establish a genuine issue of material fact with respect to each element for which it bears the burden of proof, and establish that there are genuine factual issues that can only be resolved by a finder of fact. *British Motor Car Distrib., Ltd. v. San Francisco Auto Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir. 1989). An issue of material fact is considered genuine if a "reasonable jury could

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 4 of 17

return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Once that burden has been met by showing there is an absence of evidence to support the non-moving party's claims, Rule 56(e) requires the non-moving party to go beyond the pleadings and identify facts that show a genuine issue for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).

If the plaintiff in this case cannot show any genuine issue of fact, then the court must determine whether as a matter of law, judgment should be entered for the defendant. Because the law in this area is well established, it is believed that a ruling in favor of dismissal is appropriate.

**IV. ARGUMENT**

    **A.**   **The Remote Site Doctrine Will Dictate the Result in This Case**.

The Alaska Supreme Court has adopted a doctrine known as the "remote site doctrine." The term "remote site" as applied by the case law means a place where employees are required for all practical purposes to reside in employer provided housing. The consequence for the employee of having to live in employer owned premises, is that the employer assumes liability under the

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Workers' Compensation Act for injuries which would ordinarily not be considered work related. "The principle behind the 'remote site' theory is that because a worker at a remote site is required, as a condition of employment, to eat, sleep and socialize on the work premises, activities normally divorced from his work become part of the working conditions to which the worker is subjected." *Norcon v. Alaska Workers' Compensation Bd.,* 880 P.2d 1051, 1053 (Alaska 1994). Application of the remote site doctrine provides an expansive view of the definition of work-connectedness. "The crux of this doctrine is that everyday activities that are normally considered non-work related are deemed a part of a remote site employee's job for workers' compensation purposes because the requirement of living at the remote site limits the employee's activities." *Doyon Universal Services v. Allen,* 999 P.2d 764, 769 (Alaska 2000).

   1.  **Quinhagak is a "Remote Site" as Defined in the Case Law**.

Quinhagak is a "remote site" as that term is used by the court in the cases discussing that principle. The first case to discuss this principle and to expand the coverage of compensation to workers' injuries after hours was *Northern Corporation v. Saari,* 409 P.2d 845 (Alaska 1966). In that case, the court held that where employees, for all practical purposes,

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

were restricted to living in employer housing, injuries occurring outside of normal work hours could be found to be within the course and scope of employment. The court in *Saari* noted that Saari, although not required to live in employer provided housing, had no other viable option. *Id.*

Quinhagak, in common with bush communities throughout the state, has a small population and limited housing. The LKSD provides the housing for teachers and under the union contract between the teachers and the school district, teachers are required to reside in housing provided by LKSD. *See* Affidavit of Gary Baldwin and Exhibit 1 attached thereto. Thus, Quinhagak would be subject to the concept of the remote site doctrine. The usage of this terminology does not comment on the development of the community itself or even its location. In the case of *Norcon, Inc. v. Alaska Workers' Compensation Board,* 880 P.2d 1051 (Alaska 1994), the employer housing where the individual lived was only 4 and one-half miles from Valdez. But it was the fact of the individual living in the employer provided housing that made the principle of the remote site doctrine relevant.

The remote site doctrine is sometimes known as the "bunkhouse rule." *Hunley v. Verkamp's*, 549 P.2d 159 (Arizona 1976). *In Hunley v. Verkamp's,* Hunley was a salesclerk in Verkamp's retail store on the rim of the Grand Canyon. Hunley

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 7 of 17

had choices for housing. She could rent from her employer, or she could buy a mobile home or trailer and park it in a park service area. *Id.* at 160. She could not afford to buy a mobile home, so she rented an apartment from Verkamp's. Hunley was injured in a fall on the icy sidewalk leading from her employer-supplied apartment to the street on her day off.

The court found that where the only alternative to an employee's living in employer-owned housing was to purchase a mobile home, and where the employee lacked the means to make such a purchase, the employee living in one of the employer's apartments was, as a practical matter, compelled. *Id.* at 160. When the occupancy of the employer's apartment is shown to be required by reason of the circumstances, "the occupancy . . . becomes an incident to the performance of the duties of employment." *Id.* at 161. *Concurring opinion.* The "bunkhouse rule" [remote site doctrine] applied. See also *Johnson v. Arizona Highway Department,* 281 P.2d 123 (Arizona 1955), (the death of a worker living in employer housing when a fire broke out, destroying the housing and severely burning Johnson, was compensable).

In the case at hand, the only reasonable conclusion is that this case comes within the remote site doctrine. Quinhagak is located on the Kanektok River, is approximately 4.68 square

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
——
(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

miles in size, and has a population of about 555 people. Quinhagak is accessible only by plane from Bethel, which is 70 air miles away. The employee was required to live in accommodations provided by the employer. Here, Ms. Lopez was in a position similar to the employees in *Saari, Hunley* and *Johnson.* In each of those cases, it was found that the housing dictated a finding that the remote site doctrine applied to expand the liability of the employer under workers compensation.

2. **The remote site doctrine would bring the circumstances of this case under the Workers' Compensation Act**.

The remote site doctrine expands the liability of the employer to cover activities under workers' compensation that ordinarily would not be considered incidents of employment. The Alaska Supreme Court in *Anderson v. Employers Liability Assurance Corp.,* 498 P.2d 288 (Alaska 1972), explained the justification for application of the remote site doctrine. The court stated that because a resident employee in a "civilized community" can pursue various activities of choice when not working, he or she leaves the umbrella of work-related coverage when doing so. The remote site worker, however, is required to do many, if not all, of his non-work related activities on the work premises. This necessity brings activities normally totally divorced from work routine into the realm of his working

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 9 of 17

conditions. In the case of *Doyon Universal Services v. Allen*, 999 P.2d 764 (Alaska 2000), the court stated: "For the 'remote site' doctrine to attach, the employee's activity choices must be limited by the remote site and that limitation must play a causal role in the employee's injury." *Id.* at 769 FN 22.

As early as 1966, the Alaska Supreme Court recognized that activities not normally associated with one's employment will lead to coverage under the Workers' Compensation Act when the remote site doctrine is applied. In the case of *Northern Corporation v. Saari,* 409 P.2d 845 (Alaska 1966), the Alaska Supreme Court held that because of the remote location of the work site, traveling 700 yards to a recreational club fell within the course and scope of employment and Saari's death was "an incident of his employment" after he died during the commute. The court held that the employee was killed "in the course of utilizing the recreational facilities…which had been provided by Northern for the benefit and enjoyment of Saari and other employees." *Id.* at 847. The court found that the employee's estate was entitled to workers' compensation benefits. In so holding, the court stated that "while it may be true that Saari was under no obligation to live at Northern's camp, it is obvious from the remote location of Sparrevohn that any other course was totally impractical." *Id.* The court held

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 10 of 17

that "the risk of injury or death while going to or from the employer's camp and the location of the recreational facilities on the only road available could be said to be a risk associated with one's employment with Northern." *Id.* at 847.

There are two recent cases in Alaska which further explain the state of the law of the remote site doctrine in Alaska. In *Norcon, Inc. v. Alaska Workers' Compensation Board,* 880 P.2d 1051 (Alaska 1994), Kenneth Siebert, a worker on the 1989 Exxon Valdez oil spill cleanup, worked as a crane operator and lived in a "man camp" approximately four and a half miles from Valdez. *Id.* at 1052. One morning Siebert got out of bed, showered, shaved and spoke with his roommate. A short time later the roommate heard a thud and found Siebert on the floor. Siebert ultimately died of cardiac arrest. The court found that the remote site doctrine did not apply because Siebert was engaged in getting ready for work, an activity that most employees go through regardless of the location. *Id.* at 1052, FN 1.

The court in *Doyon Universal Services v. Allen,* 999 P.2d 764 (Alaska 2000), clarified this decision in such a way that it is clear that Ms. Lopez' injury would fall under remote site doctrine. In Footnote 22, the court stated:

> Doyon contends that the "remote site" doctrine is inapplicable here in light of the first footnote in *Norcon,* in which we held that a fatal cardiac arrest

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 11 of 17

> suffered by a worker while showering at a remote site "does not fall within the parameters of the 'remote site' theory" because "[g]etting ready for work is not an activity choice made as a result of limited activities offered at a remote site. It is an activity that most employees engage in before they go to work, regardless of their location." *Id.*
>
> The principle implicit in the result described in this footnote is reflected in our analysis in the instant case: For the "remote site" doctrine to attach, the employee's activity choices must be limited by the remote site and that limitation must play a causal role in the employee's injury. For example, if we were confronted with a case similar to *Norcon* in which an employee's heart attack was caused by him or her being hit with a sudden burst of cold water while in the shower, we would conclude that the employee's limited choice of showers at the remote site contributed to his or her injury, and that the remote-site doctrine therefore applies.

*Id.* at 769-70 FN 22.

In *Allen,* the plaintiff worked as a cook at a remote site on the Trans-Alaska Pipeline. He lived in an on-site dormitory and ate at the employee cafeteria. After eating a meal that included a few Brussels sprouts, Allen began to feel pain in his stomach. *Id.* at 766. He was diagnosed with a complete obstruction of the small bowel which contained traces of undigested Brussels sprouts. The court found that there was substantial evidence that "the act of eating in the cafeteria was incident to his employment under the remote site doctrine." *Id.* 770.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 12 of 17

In the instant case, the Board found that Allen's injury occurred in an "employer sanctioned activity" in an "employer provided facility," and therefore concluded that his injury was within the course and scope of his employment. While it is undisputed that Allen ate the Brussels sprouts in an employer-provided facility, Doyon contests the Board's conclusion that Allen's act of eating was an "employer-sanctioned activity."

Because of the unique situation that remote worksites present, we have adopted a particularly expansive view of "work-connectedness," which we have articulated in the now-familiar "remote site" doctrine. The crux of this doctrine is that everyday activities that are normally considered non-work-related are deemed a part of a remote site employee's job for workers' compensation purposes because the requirement of living at the remote site limits the employee's activity choices. As we have stated: because a worker at a remote site is required, as a condition of employment, to eat, sleep and socialize on the work premises, activities normally divorced from his work become part of the working conditions to which the worker is subjected.

We have used this doctrine to extend workers' compensation coverage to injuries sustained by remote site employees while engaged in recreational pursuits, and while running personal errands that were "reasonably contemplated and foreseeable by the employment situation."

Here, Allen's act of eating the Brussels sprouts was a direct consequence of the limitations of working at a remote site. It is undisputed that the only food available on the premises was at the employer-provided cafeteria. Allen therefore had no personal choices as to where he should eat; he also had no access to a restaurant, grocery store, or kitchen facilities for his personal use. ... Because Allen's act of eating the Brussels sprouts was "an activity choice made as a result of limited activities offered at a remote site," it is precisely the type of activity the "remote site" doctrine was meant to cover.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
―――
(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 13 of 17

*Id.* at 769.

In assessing the work connectedness of Ms. Lopez's injury, it is necessary to look at the Worker's Compensation Act. AS 23.30.395(2) defines an injury as "arising out of and in the course of employment" to include "employer-sanctioned activities at employer provided facilities." Ms. Lopez was in an employer provided facility and was sleeping, an activity sanctioned by the employer when she was attacked. Because she was required to live in this housing and had no choices as to the adequacy of the security arrangements, the remote site doctrine would expand the concept of work connectedness to encompass her injuries. Ms. Lopez' injury falls under the remote site doctrine for the same reason articulated by the court in *Allen*. Because the risk (inadequate security) which resulted in her injury was within the control of her employer, since it supplied housing and had responsibility for maintenance, the remote site doctrine would operate to make the employer liable for workers' compensation benefits. Ms. Lopez' housing was limited to that supplied by the employer by the remote site, and that limitation played a causal role in her injuries. The remote site doctrine applies, and her injuries are within the course and scope of her employment.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 14 of 17

Thus, the lesson which can be taken from these cases and from Ms. Lopez' situation is that if one lives in housing provided by the employer and the injury occurs because of a risk created by living at the site on employer premises, the injury then comes within the scope of employment. Another way of analyzing this situation is if the employer had control over the cause of the accident and there was a limitation in choice associated with the circumstances, then there is coverage under the Workers' Compensation Act. Because her injury occurred during the course and scope of her employment, summary judgment is appropriate, and her injuries should be addressed by the Alaska Workers' Compensation Board.

    **B.**    <u>**Summary Judgment is Appropriate Because Plaintiff's Sole Remedy Against Her Employer Is Contained In The Alaska Workers' Compensation Act**</u>.

Plaintiff's complaint for damages should be dismissed because her exclusive remedy against the defendant, her employer, is found in the Alaska Workers' Compensation Act.

Alaska Statute 23.30.055 dictates the exclusiveness of liability on the part of an employer under the Workers' Compensation Act. AS 23.30.055 states in part that, "the liability of an employer prescribed in AS 23.30.045 is exclusive and in place of all other liability of the employer…and anyone otherwise entitled to recover damages from the employer or

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 15 of 17

fellow employee at law or in admiralty on account of the injury or death." AS 23.30.055. The exclusiveness of the remedy reflects a *quid pro quo* exchange of rights and liabilities for both workers and employers. Workers gain an assured remedy without the burden of proving fault, but lose the right to sue their employers in tort. Employers gain relief from large tort damage awards and enjoy an absolute limit on liability under the Act, but are liable without fault for injuries covered under the Act. *Gunter v. Kathy-O-Estates,* 87 P.3d 65, 70 (Alaska 2004)(citing *Suh v. Pingo Corp.,* 736 P.2d 342, 344 (Alaska 1987)).

    The fact that the employer may also be the landlord, does not change the analysis. Alaska has rejected the dual capacity doctrine. Under the dual capacity doctrine, an employer who otherwise would be exempt from tort liability, may be sued by the employee if, in respect to that tort the employer occupies a position which places upon him obligations independent and distinct from his role of employer. *State v. Purdy,* 601 P.2d 258 (Alaska 1979). Thus an employer who fails to provide safe housing for the employee is liable to the employee under workers compensation, not in tort.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

Page 16 of 17

**V.    CONCLUSION.**

For the foregoing reasons, summary judgment is appropriate in this case.  Because Ms. Lopez suffered injuries during the course and scope of her employment under circumstances which would trigger the remote site doctrine, her exclusive remedy is found under the Workers' Compensation Act. Ms. Lopez' exclusive remedy is workers' compensation benefits, making summary judgment appropriate.

DATED this 7th day of September, 2007 at Anchorage, Alaska.

                DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
                Attorneys for Defendant, Lower
                Kuskokwim School District

                      /s/ Patricia L. Zobel
        By:_____
                Patricia L. Zobel
                Bar No.: 7906067
                E-mail: pzobel@dmgz.com
                943 W. Sixth Avenue
                Anchorage, AK 99501
                Telephone: (907) 279-9574
                Facsimile: (907) 276-4231

This is to certify that a true
copy of the foregoing was served
via electronic service this 7th
day of September, 2007 to the following:

David A. Graham, Esq.
Graham Law Firm
408 Lake Street
Sitka, AK  99835

    /s/ Cory L. Hitchcock
By: _____
    Cory L. Hitchcock

#114239 - Motion for Summary Judgment
*Lopez v. LKSD*
Case No. Case No. 3:06-CV-109 TMB

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574